UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TURNELL CORP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1169 CDP |
| | ) | |
| UNITED STATES FIDELITY & | ) | |
| GUARANTY CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me following a telephone conference with the parties to discuss defendant's motion to quash subpoena duces tecum, motion to quash notice of mediation, motion to amend the case management order and motion for sanctions. For the reasons stated during the telephone conference, defendant's motion to quash the subpoena duces tecum and motion for sanctions will be denied.   The parties shall notify me no later than Monday, October 22, 2007, whether they have agreed on a mediator and a date for the mediation, and if necessary, shall also provide proposed amended deadlines for discovery relating to plaintiffs' expert witnesses. As I explained, mediation will go forward in this case, and if the parties fail to agree on a mediator I will select one for them.

I have also reviewed plaintiffs' motion to compel.  I will deny plaintiffs'

request for a copy of the reinsurance agreement without prejudice at this time because defendant has not notified the carrier of this claim. However, if defendant does notify the reinsurer of this claim, then it must supplement its initial disclosures and produce a copy of the reinsurance agreement.

With one other exception, I am granting the motion to compel. Although defendant objected to producing requested information on grounds of privilege and work product, the privilege log it provided to plaintiffs in support of these asserted privileges is woefully inadequate and does not comply with Fed. R. Civ. P. 26(b)(5)(A). As such, it is impossible for the plaintiffs and the Court to determine if the privileges are properly asserted. Defendant cannot assert blanket objections and privileges without providing the information necessary to determine whether it is actually entitled to do so.

Defendant's opposition to the motion to compel does not solve this problem because it is confusing and cites to documents that do not say what the defendant claims they say. For example, defendant's brief refers to Exhibit C and supposedly takes quotes from it, but that exhibit says nothing about a work-product protection for defendant's claim diary (sought by Plaintiff's Request for Production Number 1). Exhibit C is actually an e-mail communication between counsel which includes unprofessional language and threats by defense counsel to plaintiffs' counsel. The

Court disapproves of defense counsel's lack of civility and will not tolerate contumacious conduct from either party in this case.

Despite defendant's lack of specificity regarding its asserted privilege claims, the parties agree that the Court should review an unredacted version of defendant's claim diary to determine if any privileges can be properly asserted in this case. The Court will therefore review this information in camera and then set this issue for hearing if necessary. Defendant shall bring the redacted and unredacted copies of the claims diary, together with a coherent, detailed explanation of what privileges it believes <u>properly</u> apply, to my chambers within ten (10) days of the date of this Order. Defendant must also serve a copy of its revised privilege log on plaintiffs.

The Court will grant plaintiffs' motion to compel in all other respects on the grounds that plaintiffs have demonstrated that they are entitled to the requested relief, and defendant has failed to demonstrate that they are not.

Finally, I am denying plaintiffs' motion to dismiss defendant's counterclaim because defendant has sufficiently pleaded its counterclaim for declaratory relief.

Accordingly,

**IT IS HEREBY ORDERED** that <u>**the parties shall notify me no later than Monday, October 22, 2007, whether they have agreed on a mediator and, if necessary, shall also provide proposed amended deadlines for discovery of**</u>

**plaintiffs' expert witnesses.**

**IT IS FURTHER ORDERED** that defendant's motion to quash subpoena duces tecum [#17-1] and motion for sanctions [#17-4] are denied, and defendant's motion to quash notice of mediation [#17-2] and motion to amend case management order [#17-3] are denied as moot in light of the above ruling.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#14] is granted in part and denied in part as set out above, and defendant shall provide the information required by this Order no later than **ten (10) days from the date of this Order.**

**IT IS FURTHER ORDERED** that defendant shall provide to the Court for in camera review the redacted and unredacted copies of the claims diary, together with its explanation of asserted privileges, within **ten (10) days of the date of this Order.** Defendant shall also serve a copy of its explanation of asserted privileges on plaintiffs **within ten (10) days of the date of this Order.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to dismiss [#7] is denied.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2007.